UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY L. GRAVES, #204612,

       Plaintiff,                            Case No.  06-10607

v.                                          District Judge John Corbett O'Meara
                                              Magistrate Judge R. Steven Whalen

DEBRA LANG, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION
TO AMEND COMPLAINT [Docket #5]**

On February 10, 2006, Plaintiff, a prison inmate, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983.  On March 10, 2006, before any responsive pleadings were filed (and before any Defendant was served), Plaintiff filed a motion to amend his complaint [Docket #5].  He seeks to amend by submitting documentation purporting to show that he exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a).

Ordinarily, a party may amend a pleading once as a matter of right before a responsive pleading has been filed. Fed.R.Civ.P. 15(a).  In that sense, the Plaintiff's motion is unnecessary.  However, since the "amendment" deals with the issue of exhaustion of administrative remedies, further explanation is prudent.

-1-

In *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002), the court held that a plaintiff who had not pled exhaustion in his original complaint–a requirement of the PLRA–could not later amend his or her complaint to plead exhaustion. In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff must not only plead exhaustion, but bears the burden of demonstrating exhaustion in § 1983 cases by providing supporting documentation.

In this case, the Plaintiff clearly pled exhaustion in his original complaint. *See Complaint* [Docket #1], ¶2. He does not seek to amend his complaint to *plead* exhaustion, but merely to supply the necessary documentation. *Baxter v. Rose* does not hold that plaintiffs who fail to attach grievance documentation to their original complaints are subject to dismissal under § 1997e(a), or that they may not submit proof of exhaustion at a later date, *so long as exhaustion has been properly pled*. In *Baxter*, the Plaintiff simply failed to plead exhaustion, and the Sixth Circuit held that he could not correct this omission by amending his complaint.

In *Casarez v. Mars*, 2003 WL 21369255 at *5-*6 (E.D. Mich. 2003), Judge Lawson addressed this issue as follows:

> "Although the holding in *Baxter* does emphasize the need for prisoner plaintiffs to attach documentation of the exhaustion of their administrative remedies to their complaints, *the case does not stand for the proposition that plaintiffs who do not attach documentation to their original complaints are forever barred from providing such documentation in future pleadings, as the defendants contend.* Rather, the *Baxter* court, in stating that a prisoner should attach documentation to the complaint, was only emphasizing that a federal court must have evidence that a prisoner has or has not exhausted his administrative remedies readily available so that the court can perform its

screening responsibilities under the PLRA and determine whether the prisoner's complaint can be decided on the merits or must be summarily dismissed. As the *Baxter* court stated, without evidence that the prisoner exhausted his administrative remedies, the prisoner would be able, through ambiguous pleadings, to avoid dismissal. *Ibid.*

"*Unlike the plaintiff in Baxter, the plaintiff here specifically alleged that he had exhausted his administrative remedies as required by the PLRA.* The plaintiff's complaint did not employ the artifice of ambiguous pleading to cover up a failure to exhaust administrative remedies. Instead, *when the defendants answered the complaint by filing a motion to dismiss arguing that the failure of the plaintiff to attach his grievance documentation is a ground for dismissal, the plaintiff supplemented the clear allegations in his complaint by providing the Court with his grievance documentation and offered an explanation for why he did not attach the documents to his original complaint.* The Court agrees with the magistrate judge that under the circumstances of this case, it was sufficient for the plaintiff to attach documents to his answer to the motion rather than to his complaint." (Emphasis added).

Accordingly, the Court will GRANT the Plaintiff's motion to amend his complaint [Docket #5], and will accept the amended complaint, along with the supporting documentation on exhaustion, for filing.[1]

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 31, 2006.

---

[1]The Court expresses no opinion at this time as to whether the documentation ultimately satisfies the exhaustion requirement of the PLRA of the "total exhaustion" rule of *Jones-Bey v. Johnson,* 407 F.3d 801(6th Cir. 2005).

S/G. Wilson
Judicial Assistant

-4-