UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY L. GRAVES, #204612,

        Plaintiff,                              Case No.  06-10607

v.                                               District Judge John Corbett O'Meara
                                                 Magistrate Judge R. Steven Whalen

DEBRA Lange, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendants Debra Lange and Tracei Ball's *Motion to Dismiss* [Docket #22], filed September 4, 2006 and *Motion for Summary Judgment* [Docket #28], filed February 19, 2007, which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1]

For the reasons that follow, I recommend that Defendants' Motion for Summary Judgment [Docket #28] be GRANTED, dismissing the case. I also recommend that Defendants' *Motion to Dismiss* [Docket #22], based partially on Plaintiff's alleged failure to exhaust his administrative remedies, and partially on Fed.R.Civ.P. 12(b)(6), be

---

[1]Plaintiff has also requested oral argument [Docket #24]. That request is DENIED. Pursuant to E.D. MI. LR 7.1(e)(2), these motions will be submitted without oral hearing on the briefs.

-1-

GRANTED IN PART AND DENIED IN PART.[2]

## I. FACTUAL BACKGROUND

Plaintiff, formerly an inmate at the Parnall Correctional Facility ("PCF")in Jackson, Michigan, filed suit pursuant to 42 U.S.C. §1983 on February 10, 2006, alleging Eight Amendment violations. Diagnosed with HIV in February 1997, Plaintiff states that Defendants Lange, a nurse practitioner, and Ball, M.D., showed deliberate indifference to his serious medical needs by discontinuing a prescription for a high protein snack pack as well as Motrin 800 for arthritis. *Amended Complaint* at ¶¶6, 7, 15-18.

Plaintiff alleges that after being admitted to a reception facility in February 2005, he underwent a medical exam and was prescribed Motrin 800 and high protein snack packs. *Id*. at ¶¶11-14. He states that the following month, upon his admittance to PCF, non-Defendant Dr. George Kuzma "ordered the same treatment," along with hypertension medication. *Id*. at ¶¶17-18. He states further that at a followup examination in April 2005, Defendant Lange reissued Kuzma's orders *Id.* at ¶¶17-18, 20-21.

However, Plaintiff states that during a June 2005 examination by Lange, he told her

---

[2]The Motion to Dismiss, filed on September 4, 2006 [Docket #22], is based in part on Plaintiff's alleged failure to exhaust his administrative remedies, as required by 42 U.S.C. §1997e(a). However the Motion was filed before the Supreme Court's decision in *Jones v. Bock*, 549 U.S.__, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In *Jones*, the Supreme Court overruled the principal Sixth Circuit cases on which Defendants rely. This portion of the Motion to Dismiss [Docket #22] should therefore be denied. The portion of the Motion to Dismiss based on Fed.R.Civ.P. 12(b)(6), insofar as it refers to matters outside the pleadings, will be considered a Motion for Summary Judgment that is duplicative of Docket #28, and should be granted for the reasons discussed in this Report and Recommendation.

that he did not "want to take any more blood pressure medication," at which point, Lange "became very irritated and sarcastic," cancelling his prescription for Motrin 800 and snack packs, despite his protestations that he required pain control and high caloric supplements as a result of H.I.V. *Id.* at ¶¶28-35. Plaintiff further alleges that Lange refused to re-examine him, stating that the snack packs were discontinued as unnecessary because Plaintiff had discontinued taking his H.I.V. medication. *Id.* at ¶42. Plaintiff notes that Lange also "breached [his] confidentiality" by mentioning his H.I.V. condition to officers. *Id*. at ¶44. He alleges that he told other treating sources in August 2005 that "to keep his weight up," he had resorted to eating other prisoners' leftovers, alleging further that his medical records show that he had lost four pounds since entering the institution. *Id*. at ¶61.

Plaintiff also alleges that in August 2005, Defendant Ball, M.D., examined Plaintiff, refusing his request for Motrin 800, despite the fact that he experienced severe pain. *Id*. at ¶¶62-65. He claims further that Ball refused his request for snack packs, informing him that because he was not taking H.I.V. medication, he was not eligible for snack packs. *Id*. at ¶67. He acknowledges, however, that after filing a Step II grievance on August 31, 2005, he was re-prescribed Motrin 800. *Id.* at ¶¶75-79. Plaintiff states that over the next six weeks, he unsuccessfully petitioned Ball for resumption of his snack packs, in the meantime eating leftovers given to him by other inmates. *Id.* at ¶¶82-90. Plaintiff reports that on October 24, 2005, he was prescribed one snack pack a day after informing a health unit manager that he was anorexic. *Id.* at ¶¶91-92. Plaintiff alleges that he was examined by Dr. Crane, an

H.I.V. specialist, who after noting that Plaintiff had lost 12 pounds since June 2005, re-prescribed three snack packs a day. *Id.* at ¶94; Exhibit X. Claiming that his present and future health has been compromised by Defendants, Plaintiff seeks damages for pain, weight loss, as well as emotional distress.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.  ANALYSIS

Defendants argue that Plaintiff's allegation that he was denied snack packs and pain

medication does not state a claim of constitutional magnitude. Citing *Westlake v. Lucas*, 537 F. 2d 857, 850 FN 5 (6th Cir. 1976), Defendants contend that Plaintiff's disagreement with their medical judgment, at most, amounts to a medical malpractice claim.

The Supreme Court has held that Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble,* 429 U.S. 97, 103; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2002). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* Deliberate indifference may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Id.*; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, mere negligence or misdiagnosis of an ailment does not rise to the level of a constitutional violation. *Estelle,* 429 U.S. at 106; *Comstock,* 273 F.3d at 703.

**A. Defendant Lange[3]**

---

[3]Plaintiff also contends that Lange violated his right to the confidentiality of his medical records. *Amended Complaint* at ¶44. However, such a claim is not cognizable under

Plaintiff's allegation that Lange refused to re-prescribe nutritional supplements or Motrin 800 out of spite states an Eighth Amendment claim. Nonetheless, a dearth of evidence showing that the nurse practitioner was actually deliberately indifferent to his condition requires dismissal of the claim. In April 2005, Lange approved "Special Accommodations" for Plaintiff in consideration of his H.I.V. status, including snack packs and a single-person room. *Docket #28*, Exhibit 5 at 2. Her April 2005 treatment notes also indicate that snack packs were prescribed in conjunction with the resumption of Plaintiff's H.I.V. and hypertension medication. *Id.*, Exhibit 4. Although Plaintiff alleges that Lange's June 2005 denial of snack packs was the result of personal animus, in fact, her decision to cancel snack packs was apparently taken after an examination by Dr. Crane on June 1, 2005 which determined that Plaintiff was refusing all H.I.V. or hypertension therapy. *Id.*, Exhibit 6, Exhibit 10. Lange originally prescribed Plaintiff's snack pack treatments in conjunction with H.I.V. and hypertension medication because a number of his medications required dosing with food. *Id.*, Exhibit 5. Plaintiff's failure to take his medication, noted by Crane, his longtime treating specialist, rather than malice, precipitated her decision to discontinue snack packs. *Id.* Exhibit 9 at 3.

Additional evidence stands at odds with the claim that Lange was deliberately indifferent. Upon discovering the same month that Plaintiff was "flushing" his medications,

---

§1983. Pursuant to *Doe v. Wigginton,* 21 F.3d 733, 740 (6th Cir. 1994), "'the Constitution does not encompass a general right to nondisclosure of private information.'" *Id.*; *J.P. v. DeSanti,* 653 F.2d 1080 (6th Cir.1981).

Lange referred him for a mental health evaluation, conducted on June 16, 2005. *Id*., Exhibit 8. Plaintiff complained to David A. Collier, M.A., that his snack pack and Motrin 800 had been discontinued. *Id.* However, notes from the mental examination show that Plaintiff reported continued good health, acknowledging that he continued to "play [] racquetball and other social and recreational activities." *Id.* Because a reasonable trier of fact could not find that Lange was deliberately indifferent to Plaintiff's medical needs, and more fundamentally, that he did not experience significant health problems from the cessation of snack packs and Motrin 800, claims against her should be dismissed. *Perez v. Oakland County* 466 F.3d 416, 423 (6th Cir. 2006); *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir.1994).

**B. Defendant Ball**

Likewise here, Plaintiff fails to demonstrate that Dr. Ball was deliberately indifferent to his serious medical needs. Ball's treating notes (contradicting the amended complaint's statement that she examined Plaintiff on August 5, 2005, *see Docket #5* at ¶¶62-65) indicate that she treated Plaintiff on September 23, 2005, November 29, 2005, and December 22, 2005. *Docket #28*, Exhibit 11. Contrary to Plaintiff's allegations, Ball's treating notes from September 23, 2005 indicate that she actually wrote Plaintiff a prescription for Motrin 800. *Id.* Further, although Plaintiff alleged significant weight loss after his snack packs were discontinued in June 2005, he weighed 148 on September 23, 2005, showing that he actually *gained* one pound between April and September 2005.[4] *Id*.; *Compare* Exhibit 4, Exhibit 11.

---

[4]On October 26, 2005, Dr. Crane re-prescribed three snack packs a day after noting that Plaintiff weighed 139 pounds. *Docket #5*; Exhibit X. However, Plaintiff's nine-pound

The absence of evidence showing malpractice, much less a constitutional violation, mandates dismissal of claims against Ball.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Defendants' Motion for Summary Judgment [Docket #28] be GRANTED, dismissing the case. I also recommend that Defendants' Motion to Dismiss [Docket #22] be DENIED insofar as it is based on the exhaustion argument, and GRANTED insofar as it is based on Fed.R.Civ.P. 12(b)(6) and 56(c).

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

---

weight loss over the course of four-and-a-half weeks occurred in the interim between bi-monthly appointments with Ball.

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 29, 2007.

S/G. Wilson  
Judicial Assistant